**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| WIFI RAIL, INC., <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Defendant. | C.A. No. 1:23-cv-662 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff WiFi Rail, Inc. ("Plaintiff"), for its Complaint against Defendant Cisco Systems, Inc. ("Defendant") alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

**THE PARTIES**

2. Plaintiff is an entity organized under the laws of the State of Delaware with a principal place of business at 1565 MacArthur Blvd. Costa Mesa, CA 92626.

3. Plaintiff is a wireless communications service provider with specific focuses on heavy rail transit authorities providing "turn-key" solutions that enhances safety, security, operations, maintenance, and passenger amenities.

4. Plaintiff has designed and patented an end-to-end solution comprised of proprietary architecture, wayside and on-train equipment, and an application suite tailored for mass transit metros such as the San Francisco Bay Area Rapid Transit District ("BART").

5. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 300 East Tasman Dr., San Jose, California 95134, and has regular and established places of business throughout this District, including at least at 12515 Research Boulevard, Austin, Texas 78759. Defendant is also registered to do business in Texas and may be served via its registered agent at Corporation Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

7. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patent Law).

8. This United States District Court for the Western District of Texas has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Texas.

9. Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Texas.

10. This Court has personal jurisdiction over Defendant, because Defendant has sufficient minimum contacts within the State of Texas and this District, pursuant to due process and/or Texas Civil Practice & Remedies Code § 17.041 *et seq.*, as Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas by regularly conducting and soliciting business within the State of Texas and within this District, and because Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and this District.

11. Venue is proper in this judicial district under 28 U.S.C. § 1400(b). Defendant has a regular and established place of business in this District and, on information and belief, Defendant has committed acts of infringement in this District.

## ACCUSED INSTRUMENTALITIES

12. Defendant makes, uses sells and offers for sale, provides and causes to be used, now and within the past six years, its Cisco Connected Rail system, among other similar products. ("Accused Instrumentality").

## PATENTS IN SUIT

13. Plaintiff is the owner by assignment of a portfolio of patents, including U.S. Patent No. 7,768,952 ("the '952 patent"), 7,787,402 ("the '402 patent"), 8, 400,954 ("the '954 patent"), and 8,971,300 ("the '300 patent") (collectively "Asserted Patents"). The Asserted Patents were assigned to Plaintiff on October 26, 2007.

14. Plaintiff is the rightful owner of the Asserted Patents and hold the entire right, title and interest in the Asserted Patents.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,768,952

15. The allegations set forth in the foregoing paragraphs 1 through 14 are incorporated into this Claim for Relief.

16. On August 3, 2010, the '952 patent entitled "System and Method of Wirelessly Communicating with Mobile Devices" was duly and legally issued from U.S. Patent Application No. 11/839,992 filed on August 16, 2007, claiming priority to Provisional Patent application No. 60/838,752 ("the '752 provisional patent") filed on August 18, 2006. A true and correct copy of the '952 patent is attached as Exhibit 1.

17. Plaintiff is the assignee and owner of the right, title and interests in and to the '952 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

18. Upon information and belief, Defendant has and continues to directly infringe at least claim 1 of the '952 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing to be used the Accused Instrumentality that infringe the patented methods as explained in attached Exhibit 2.

19. Defendant was made aware of the '952 patent and its infringement thereof by correspondence on March 3, 2022.

20. Since March 3, 2022, when it first was made aware of the '952 patent, Defendant's infringement has been, and continues to be willful.

21. Upon information and belief, the Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, and customers across the country and in this District.

22. Upon information and belief, Defendant has induced and continues to induce others to infringe at least claim 1 of the '952 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients and customers, whose use of the Accused Instrumentality constitutes direct infringement of at least claim 1 of the '952 patent.

23. In particular, the Defendant's actions that aid and abet others such as its partners, clients and customers to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials and services regarding the Accused Instrumentality.

24. Any party, including Defendant's partners, clients and customers using the Accused Instrumentalities necessarily infringes the '952 patent. Defendant thus induces others to infringe the '952 patent. Defendant has knowingly induced infringement since at least March 3, 2022, when it first was made aware of the '952 patent.

25. Upon information and belief, the Defendant is liable as a contributory infringer of the '952 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '952 patent. Each of the Accused Instrumentality is a material component for use in practicing the '952 patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

26. Plaintiff has been harmed by Defendant's Infringing activities.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,787,402

27. The allegations set forth in the foregoing paragraphs 1 through 26 are incorporated into this Claim for Relief.

28. On August 31, 2010, the '402 patent entitled "System and Method Of Authenticating Mobile Devices" was duly and legally issued from U.S. Patent Application No. 11/840,015 filed on August 16, 2007, claiming priority to the '752 provisional patent filed on August 18, 2006. A true and correct copy of the '402 patent is attached as Exhibit 3.

29. Plaintiff is the assignee and owner of the right, title and interests in and to the '402 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

30. Upon information and belief, Defendant has and continues to directly infringe at least claim 1 of the '402 patent by making, using, selling, importing, offering for sale, providing,

practicing, and causing to be used the Accused Instrumentality that infringe the patented methods as explained in attached Exhibit 4.

31. Defendant was made aware of the '402 patent and its infringement thereof at least as early as the date of filing this Complaint.

32. Upon information and belief, the Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, and customers across the country and in this District.

33. Upon information and belief, Defendant has induced and continues to induce others to infringe at least claim 1 of the '402 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients and customers, whose use of the Accused Instrumentality constitutes direct infringement of at least claim 1 of the '402 patent.

34. In particular, the Defendant's actions that aid and abet others such as its partners, clients and customers to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials and services regarding the Accused Instrumentality.

35. Any party, including Defendant's partners, clients and customers using the Accused Instrumentalities necessarily infringes the '402 patent. Defendant thus induces others to infringe the '402 patent. Defendant has knowingly induced infringement since at least the filing of this Complaint when Defendant was made aware of the '402 patent.

36. Upon information and belief, the Defendant is liable as a contributory infringer of the '402 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '402 patent. Each of the Accused Instrumentality is a

material component for use in practicing the '402 patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

37. Plaintiff has been harmed by Defendant's Infringing activities.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,400,954

38. The allegations set forth in the foregoing paragraphs 1 through 37 are incorporated into this Claim for Relief.

39. On March 19, 2013, the '954 patent entitled "System and Method Of Authenticating Mobile Devices" was duly and legally issued from U.S. Patent Application No. 12/871,115 filed on August 30, 2010, claiming priority to the '752 provisional patent filed on August 18, 2006. A true and correct copy of the '954 patent is attached as Exhibit 5.

40. Plaintiff is the assignee and owner of the right, title and interests in and to the '954 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

41. Upon information and belief, Defendant has and continues to directly infringe at least claim 1 of the '954 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing to be used the Accused Instrumentality that infringe the patented methods as explained in attached Exhibit 6.

42. Defendant was made aware of the '954 patent and its infringement thereof at least as early as the date of filing this Complaint.

43. Upon information and belief, the Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, and customers across the country and in this District.

44. Upon information and belief, Defendant has induced and continues to induce others to infringe at least claim 1 of the '954 patent under 35 U.S.C. § 271(b) by, among other things,

and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients and customers, whose use of the Accused Instrumentality constitutes direct infringement of at least claim 1 of the '954 patent.

45. In particular, the Defendant's actions that aid and abet others such as its partners, clients and customers to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials and services regarding the Accused Instrumentality.

46. Any party, including Defendant's partners, clients and customers using the Accused Instrumentalities necessarily infringes the '954 patent. Defendant thus induces others to infringe the '954 patent. Defendant has knowingly induced infringement since at least the filing of this Complaint when Defendant was made aware of the '954 patent.

47. Upon information and belief, the Defendant is liable as a contributory infringer of the '954 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '954 patent. Each of the Accused Instrumentality is a material component for use in practicing the '954 patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

48. Plaintiff has been harmed by Defendant's Infringing activities.

**COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 8,971,300**

49. The allegations set forth in the foregoing paragraphs 1 through 48 are incorporated into this Claim for Relief.

50. On March 3, 2015, the '300 patent entitled "System and Method of Wirelessly Communicating with Mobile Devices" was duly and legally issued from U.S. Patent Application No. 12/841,491 filed on July 22, 2010, claiming priority to the '752 provisional patent filed on August 18, 2006. A true and correct copy of the '300 patent is attached as Exhibit 7.

51. Plaintiff is the assignee and owner of the right, title and interests in and to the '300 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

52. Upon information and belief, Defendant has and continues to directly infringe at least claim 1 of the '300 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing to be used the Accused Instrumentality that infringe the patented methods as explained in attached Exhibit 8.

53. Defendant was made aware of the '300 patent and its infringement thereof by correspondence on March 3, 2022.

54. Since March 3, 2022, when it first was made aware of the '300 patent, Defendant's infringement has been, and continues to be willful.

55. Upon information and belief, the Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, and customers across the country and in this District.

56. Upon information and belief, Defendant has induced and continues to induce others to infringe at least claim 1 of the '300 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients and customers, whose use of the Accused Instrumentality constitutes direct infringement of at least claim 1 of the '300 patent.

57. In particular, the Defendant's actions that aid and abet others such as its partners, clients and customers to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials and services regarding the Accused Instrumentality.

58. Any party, including Defendant's partners, clients and customers using the Accused Instrumentalities necessarily infringes the '300 patent. Defendant thus induces others to infringe the '300 patent. Defendant has knowingly induced infringement since at least March 3, 2022, when it first was made aware of the '300 patent.

59. Upon information and belief, the Defendant is liable as a contributory infringer of the '300 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '300 patent. Each of the Accused Instrumentality is a material component for use in practicing the '300 patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

60. Plaintiff has been harmed by Defendant's Infringing activities.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

A. An adjudication that Defendant has infringed the '952, '402, '954 and '300 patents;

B. An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '952, '402, '954 and '300 patents and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D.     An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Dated: June 13, 2023

*/s/ Timothy Devlin*
Timothy Devlin
tdevlin@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE  19806
Telephone: (302)-449-9010

Attorneys for Plaintiff
*WIFI RAIL, INC.*